J. S51040/18

2018 PA Super 257

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ERNEST NEDAB, | : | No. 2350 EDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, June 28, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0617391-1982

BEFORE:  DUBOW, J., NICHOLS, J., AND FORD ELLIOTT, P.J.E.

OPINION BY FORD ELLIOTT, P.J.E.:          **FILED SEPTEMBER 18, 2018**

Ernest Nedab appeals **pro se** from the order filed in the Court of Common Pleas of Philadelphia County that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Because we agree with the PCRA court that appellant's facially untimely petition failed to establish a statutory exception to the one-year jurisdictional time limit for filing a petition under the PCRA, we affirm.

The record reflects that due to offenses committed on April 25, 1982, appellant was charged with burglary, rape, involuntary deviate sexual intercourse, criminal conspiracy, and three counts of robbery.[1]  Appellant was 17 years old at the time he committed the crimes.

---

[1] 18 Pa.C.S.A. §§ 3502, 3121, 3123, 903, and 3701, respectively.

On October 26, 1982, appellant entered an open guilty plea to the charges. On December 14, 1982, the trial court sentenced appellant to an aggregate term of 45 to 90 years of imprisonment. Appellant appealed to this court, which affirmed on November 25, 1983. *Commonwealth v. Nedab*, 468 A.2d 851 (Pa.Super. 1983) (unpublished memorandum). Appellant did not file a petition for allowance of appeal to the Supreme Court of Pennsylvania.

Between 1984 and 2012, appellant filed four petitions for post-conviction relief. The trial court denied all four. This court affirmed in all four cases. Our supreme court denied appellant's petition for allowance of appeal when appellant petitioned for it.

On March 21, 2016, appellant filed another PCRA petition and challenged what he considered the *de facto* life without parole sentence that he received. On February 22, 2017, the PCRA court issued a notice to dismiss pursuant to Pa.R.Crim.P. 907. On June 28 2017, the PCRA court dismissed the petition:

> This second or subsequent petition was untimely filed and does not plead or prove any exception to the PCRA's time-bar. In an attempt to establish the "newly-recognized constitutional right" exception, 42 Pa.[C.S.A.] § 9545(b)(1)(iii), [appellant] invoked the new right announced in *Graham v. Florida*, 556 U.S. 1220 (2009), and *Miller v. Alabama*, [567 U.S. 460] (2012). Although the United States Supreme Court in *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), *as revised* (Jan. 27, 2016) ruled that *Miller* has retroactive effect in cases on state collateral review, [appellant] was neither convicted

of a homicide nor sentenced to life without parole, placing his sentence outside the reach of the Supreme Court's **Miller** decision. **Miller**, 132 S.Ct. at 2460. [Appellant] failed, therefore, to invoke this exception, and his petition must be dismissed as untimely.

PCRA court opinion, 6/28/17, at 1 (footnote omitted).

Appellant filed a notice of appeal on July 18, 2017. The PCRA court did not order appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) and did not file an opinion.

Appellant raises the following issue for this court's review:

Whether [a]ppellant is entitled to PCRA relief as warranted by **Graham v. Florida**, 560 U.S. 48 (2010), as interpreted and extended by the Superior Court of Pennsylvania in **Commonwealth v. [] Foust**, [180 A.3d 416 (Pa.Super. 2018)]. In the instant case where [a]ppellant was a juvenile, and sentenced to a **de facto** life sentence, and at present is worse off than most offenders sentenced to life in prison without parole who have the benefits of the evolving standards of law and current scientific research, which establish that children are different from adults based upon their cognitive functions and other factors, should this court consider the decisions and reasoning from United States Court jurisprudence and apply it to [a]ppellant's case under Pennsylvania and United States Constitutions?

Appellant's brief at 2.

Subsequent PCRA petitions beyond a petitioner's first petition are subject to the following standard:

A second or subsequent petition for post-conviction relief will not be entertained unless a strong **prima facie** showing is offered to demonstrate that

a miscarriage of justice may have occurred. **Commonwealth v. Allen**, 732 A.2d 582, 586 (Pa. 1999). A **prima facie** showing of entitlement to relief is made only by demonstrating either that the proceedings which resulted in conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or the defendant's innocence of the crimes for which he was charged. **Id.** at 586. Our standard of review for an order denying post-conviction relief is limited to whether the trial court's determination is supported by evidence of record and whether it is free of legal error. **Commonwealth v. Jermyn**, 709 A.2d 849, 856 (Pa. 1998).

A PCRA petition, including a second or subsequent petition, must be filed within one year of the date that judgment of sentence becomes final. 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final for purposes of the PCRA "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking the review." 42 Pa.C.S.[A.] § 9543(b)(3). PCRA time limits are jurisdictional in nature, implicating a court's very power to adjudicate a controversy. **Commonwealth v. Fahy**, 737 A.2d 214 (Pa. 1999). Accordingly, the "period for filing a PCRA petition can be extended only if the PCRA permits it to be extended, **i.e.**, by operation of one of the statutorily enumerated exceptions to the PCRA time-bar. **Id.** at 222.

**Commonwealth v. Ali**, 86 A.3d 173, 176-177 (Pa. 2014), **cert. denied**, 135 S.Ct. 707 (2014). Before addressing appellant's issues on the merits, we must first determine if we have jurisdiction to do so.

As noted above, a PCRA petitioner has one year from the date his or her judgment of sentence becomes final in which to file a PCRA petition. This court has held the following regarding when a judgment becomes final:

> The plain language of the PCRA provides that a judgment of sentence becomes final at the conclusion of direct review or when the time seeking direct review expires. **See** 42 Pa.C.S.A. § 9545(b)(3). In fixing the date upon which a judgment of sentence becomes final, the PCRA does not refer to the conclusion of collateral review or the time for appealing a collateral review determination. Thus, the plain language of the PCRA statute shows that a judgment of sentence becomes final immediately upon expiration of the time for seeking direct review, even if other collateral proceedings are still ongoing. As this result is not absurd or unreasonable, we may not look for further manifestations of legislative intent. **See Commonwealth v. Hall**, 80 A.3d 1204, 1211 (Pa. 2013) (internal quotation marks omitted) (We may "look beyond the plain language of the statute only when words are unclear or ambiguous, or the plain meaning would lead to a result that is absurd, impossible of execution, or unreasonable.").

**Commonwealth v. Callahan**, 101 A.3d 118, 122 (Pa.Super. 2014).

In the instant case, the trial court sentenced appellant on December 14, 1982. Appellant filed a direct appeal to this court. This court affirmed the judgment of sentence on November 25, 1983. Appellant did not petition for allowance of appeal with the Supreme Court of Pennsylvania. His judgment of sentence became final on December 27, 1983.[2] **See**

---

[2] Because December 25, 1983, was a Sunday and December 26, 1983, was a court holiday, appellant had until December 27, 1983, to file a petition for allowance of appeal. **See** 1 Pa.C.S.A. § 1908.

Pa.R.A.P. 1113. Appellant filed the current PCRA petition on March 21, 2016, more than 32 years after judgment became final and more than 31 years after a PCRA petition could be considered timely. **See** 42 Pa.C.S.A. § 9545(b)(1).

As noted above, the PCRA does enumerate exceptions to the one-year time limit. A petitioner must plead and prove that he meets one of the following exceptions to the time requirement:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Section 9545 also mandates that any petition filed under these exceptions must be filed within 60 days of the date the claim could have been presented. **Id.** at § 9545(b)(2).

Here, appellant asserts that he comes under the newly recognized constitutional right exception contained in 42 Pa.C.S.A. § 9545(b)(1)(iii). In his petition, appellant challenged what he considered to be a **de facto** life

sentence without parole. For support of his position, appellant cited *Graham v. Florida*, 560 U.S. 48 (2010), *Miller v. Alabama*, 567 U.S. 460 (2012), and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016). In *Graham*, the Supreme Court of the United States held that life sentences without the possibility of parole for juvenile non-homicide offenders violated the prohibition against cruel and unusual punishment contained in the Eighth Amendment to the United States Constitution. *Graham*, 560 U.S. at 74. In *Miller*, the Supreme Court of the United States held statutory schemes, which imposed a mandatory life sentence without possibility of parole for certain homicide convictions, constituted cruel and unusual punishment in the case of juvenile homicide offenders. The Supreme Court held that a juvenile homicide defendant could only be sentenced to life without possibility of parole if he or she is determined to be permanently incorrigible, irreparably corrupt, or irretrievably depraved. *Miller*, 567 U.S. at 471, 473, 479-480. In *Montgomery*, the Supreme Court of the United States held that *Miller* applied retroactively to cases on collateral review. *Montgomery* 136 S.Ct. at 732-737.

None of these cases directly applies to appellant's situation. He did not receive a life sentence or commit a homicide. Appellant in his brief cites the recent case of *Commonwealth v. Foust*, 180 A.3d 416 (Pa.Super. 2018). In *Foust*, the defendant was sentenced to two consecutive terms of 30 years to life for two first-degree murder convictions for an aggregate

sentence of 60 years to life. *Id.* at 421. The defendant appealed. One of the issues he raised was whether it was unconstitutional to impose a sentence of 60 years of imprisonment to life, which he considered a *de facto* life sentence without possibility of parole on a juvenile without a finding that the juvenile is permanently incorrigible, irreparably corrupt, or irretrievably depraved. *Id.* This court held that a trial court may not impose a term-of-years sentence on a juvenile convicted of homicide if that sentence is equivalent to a *de facto* life without possibility of parole sentence, unless the trial court finds, beyond a reasonable doubt, that the juvenile is incapable of rehabilitation. *Id.* at 433. This court also held that *de facto* life sentences are cruel and unusual punishment when imposed on juveniles convicted of non-homicide offenses or juvenile homicide offenders capable of rehabilitation. Furthermore, when determining whether a sentence is a *de facto* life sentence, this court held that the individual sentences must be examined rather than the aggregate sentence. *Id.* at 434.

Appellant argues that because *Miller* and *Graham* have been held to be applicable to cases on collateral review, then *Foust* should be as well. However, under 42 Pa.C.S.A. § 9545(b)(1)(iii), in order for a new constitutional right to apply retroactively for purposes of the PCRA, this right must be recognized by either the United States Supreme Court or our Supreme Court and has been held by that court to apply retroactively.

Appellant does not cite any United States or Pennsylvania Supreme Court cases that have held that the holding of **Foust** applies retroactively.[3]

Appellant has not successfully pled or proved that he meets the exception to the timeliness requirements of the PCRA.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/18/18

---

[3] Furthermore, the longest individual sentence that appellant received was for 10 to 20 years. Since the aggregate sentence must be broken down into the individual sentences under **Foust**, there is no way that a 10 to 20-year sentence would constitute a **de facto** sentence of life without the possibility of parole.