J-S30036-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CURRY ROBINSON | : | |
| | : | |
| Appellant | : | No. 1557 EDA 2021 |

Appeal from the PCRA Order Entered March 18, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0601281-2005

BEFORE:  STABILE, J., McCAFFERY, J., and PELLEGRINI, J.*

MEMORANDUM BY PELLEGRINI, J.:               **FILED OCTOBER 12, 2022**

Curry Robinson (Robinson) appeals *pro se* from the order entered in the Court of Common Pleas of Philadelphia County (PCRA court) denying his third petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546 as untimely.  Robinson challenges the PCRA court's application of the jurisdictional time-bar to his petition and claims he is entitled to review on the merits in the interests of justice and because of ineffective assistance of counsel and governmental interference during his proceedings.  We affirm.

---

* Retired Senior Judge assigned to the Superior Court.

**I.**

**A.**

This case arises from Robinson's extensive sexual abuse of this three stepdaughters and non-biological niece over a six year period from 1996 to 2002, beginning when the victims ranged in age from about 6 to 10 years old. Robinson waived his right to a jury trial, and on January 4, 2006, the trial court found him guilty of one count of rape of a child (less than 13 years of age), one count of involuntary deviate sexual intercourse of a child less than 13 years of age, two counts of aggravated indecent assault of a child, four counts of endangering the welfare of a child, three counts of unlawful contact with a minor, four counts of indecent assault, one count of terroristic threats, four counts of corruption of the morals of a minor, and two counts of indecent exposure. On May 19, 2006, the trial court sentenced Robinson to an aggregate term of 7½ to 15 years' incarceration, followed by 5 years of probation. The trial court found Robinson to be a sexually violent predator (SVP) after a hearing.[1]

On appeal, this Court found Robinson's issues waived based on his filing of a vague Rule 1925(b) statement[2] and we affirmed his judgment of sentence in February 2008. After Robinson's direct appeal rights were reinstated *nunc*

---

[1] ***See*** Megan's Law, 42 Pa.C.S. §§ 9791-9799.7.

[2] ***See*** Pa.R.A.P. 1925(b).

*pro tunc* in a PCRA proceeding, we again affirmed his judgment of sentence. (*See Commonwealth v. Robinson*, 23 A.3d 1078 (Pa. Super. 2011)). The Pennsylvania Supreme Court denied his petition for allowance of appeal on July 19, 2011. (*See Commonwealth v. Robinson* 24 A.3d 864 (Pa. 2011)).

Robinson filed a timely *pro se* PCRA petition in November 2011 and appointed counsel filed an amended petition in July 2013. Relevant to the instant appeal, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907(1) on June 2, 2014. Robinson filed a *pro se* response to that notice, which was docketed on June 25, 2014, and deemed untimely by the PCRA court. The court formally dismissed Robinson's PCRA petition in July 2014, and Robinson appealed from that decision to this Court.

In that appeal, Robinson contended as to the Rule 907 Response: "the PCRA court erred by dismissing his Petition without considering his *pro se* Response to the court's Pa.R.Crim.P. 907 Notice of its intent to dismiss the Amended Petition." (*See Commonwealth v. Robinson*, 2016 WL 4727026, at \*4 (Pa. Super. filed June 28, 2016)) (unpublished memorandum). We agreed with Robinson on this point and deemed his response timely pursuant to the prisoner mailbox rule.[3] (*See id.*). We reviewed Robinson's Rule 907 Response and considered the claims therein, but ultimately determined that

---

[3] *See Commonwealth v. Brandon*, 51 A.3d 231, 234 n.5 (Pa. Super. 2012) (explaining prisoner mailbox rule).

he was not entitled to appellate relief. We affirmed the PCRA court's order on June 28, 2016, concluding: "although the PCRA court erred by deeming Robinson's *pro se* Response as untimely, we may affirm the PCRA court's decision to dismiss Robinson's Amended Petition on any grounds if the record supports it." Based on our review of the record, **including Robinson's *pro se* Response** to the PCRA court's Rule 907 Notice, Robinson is not entitled to relief. (***Id.*** at *5) (emphasis added). Robinson then unsuccessfully litigated a second PCRA petition.

**B.**

On September 16, 2019, Robinson filed the instant third *pro se* PCRA petition raising multiple claims of ineffective assistance of trial counsel. Robinson also asserted governmental interference concerning his first PCRA petition based on the PCRA court's failure to consider his Rule 907 Response in rendering its decision. On February 12, 2021, the PCRA court advised Robinson in a Zoom conference of its intent to dismiss his PCRA petition without an evidentiary hearing. In doing so, the court explained: "ineffective assistance of counsel does not provide an exception to the one year time limitation for filing a PCRA. A court has no authority to extend the filing period except as the statute permits." (N.T. Hearing, 12/12/21, at 9). As to Robinson's governmental interference claim, the PCRA court found that the Superior Court already "considered the [Rule 907 notice] and found it to have no merit whatsoever." (***Id.*** at 19). The PCRA court dismissed Robinson's

- 4 -

petition as untimely on March 18, 2021. Robinson timely appealed[4] and he and the PCRA court complied with Rule 1925.

In its Rule 1925(a) opinion, the PCRA court stated its conclusion that Robinson's PCRA petition is untimely and he failed to establish the applicability of any exception to the time-bar. Regarding Robinson's governmental interference claim, the PCRA court found: "in order to raise this claim, a petitioner must have been prevented from raising these particular claims because of governmental interference. That is not what happened in the instant matter. Here, the Superior Court was aware of potential governmental interference [and] corrected it" by considering Robinson's claims. (PCRA Court Opinion, 9/15/21, at 10).

## II.

### A.

We begin by noting that a PCRA petition, including a second or serial petition, must be filed within one year of the date the judgment becomes final. **See** 42 Pa.C.S. § 9545(b)(1).[5] A judgment becomes final at the conclusion

---

[4] Robinson's initial notice of appeal dated April 5, 2021, was not docketed in a timely manner due to an error in the court system. The PCRA court addressed this error by issuing a September 15, 2021 order deeming his notice of appeal timely.

[5] Whether a PCRA petition is timely raises a question of law for which our standard of review is *de novo*. **See Commonwealth v. Reid**, 235 A.3d 1124, 1166 (Pa. 2020).

of direct review "including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Because the timeliness requirements of the PCRA are jurisdictional in nature, courts cannot address the merits of an untimely petition. **See Commonwealth v. Moore**, 247 A.3d 990, 998 (Pa. 2021) (citation omitted).

Here, Robinson's judgment of sentence became final in October 2011 when his time to file a petition for writ of *certiorari* in the United States Supreme Court expired. **See** 42 Pa.C.S. § 9545(b)(3). Because Robinson filed the instant petition eight years after his judgment of sentence became final, he must plead and prove one of the three enumerated exceptions to the PCRA time-bar:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

**B.**

Instantly, Robinson contends he is entitled to review of his PCRA petition on the merits "in the interests of justice notwithstanding the statutory time bar[.]" (Robinson's Brief, at 12, 15).  Robinson also raises several claims of ineffective assistance of counsel, including trial counsel's filing of a vague Rule 1925(b) statement in his first direct appeal.  (**See id.** at 19-25, 32-39).  Finally, Robinson claims applicability of the governmental interference exception to the time-bar based on the PCRA court's failure to consider his Rule 907 Response in his first PCRA proceeding.  (**See id.** at 25-27).[6]

**III.**

**A.**

Robinson first contends that review of his PCRA petition on the merits is necessary in the interests of justice.  In doing so, he encourages us to disregard the statutory requirements of the PCRA time-bar on an equitable basis.  However, the "period for filing a PCRA petition can be extended **only** if the PCRA permits it to be extended *i.e.*, by operation of one of the statutorily enumerated exceptions to the PCRA time-bar." **Commonwealth v. Nedab**, 195 A.3d 957, 960 (Pa. Super. 2018) (citation omitted; emphasis added). Because the PCRA's time limitations are mandatory and interpreted based on their plain meaning, a court lacks authority to extend filing periods except as

---

[6] Because Robinson combines his issues in overlapping arguments in his brief, we address the crux of his claims to the extent we can discern them.

the statute permits, and the filing period is not subject to the doctrine of equitable tolling. *See Commonwealth v. Lee*, 206 A.3d 1, 11 (Pa. Super. 2019) (*en banc*). Therefore, Robinson's first argument merits no relief.

**B.**

With regard to Robinson's ineffective assistance of counsel claims, it is well-settled that such claims do not meet any of the three limited exceptions to the PCRA time-bar. Therefore, framing an issue in terms of ineffectiveness will not save an untimely petition from application of the time restrictions of the PCRA. *See Commonwealth v. Robinson*, 139 A.3d 178, 186 (Pa. 2016) (observing there is no statutory exception to PCRA time-bar applicable to claims alleging ineffectiveness of counsel, and that the PCRA places time limitations on such claims in order to strike reasonable balance between society's need for finality in criminal cases and a convicted person's need to demonstrate there has been an error in proceedings). Accordingly, Robinson's ineffectiveness claims do not overcome the jurisdictional barrier to addressing them.

**C.**

Lastly, Robinson challenges the PCRA court's treatment of his Rule 907 Response in his initial PCRA proceeding by contending the PCRA court failed "to correct a State and Federal due process violation caused by an administrative breakdown in its office." (Robinson's Brief, at 25). According to Robinson, the court's failure in this regard constituted governmental

interference for which the only appropriate remedy is to put him "in the position he [] was in before the error occurred [which] would be before the PCRA court dismissed his first PCRA" petition in 2014. (*Id.* at 27).

"In order to establish the governmental interference exception, a petitioner must plead and prove: (1) the failure to previously raise the claim was the result of interference by government officials, and (2) the petitioner could not have obtained the information earlier with the exercise of due diligence." *Commonwealth v. Kennedy*, 266 A.3d 1128, 1135 (Pa. Super. 2021) (citation omitted).

Instantly, Robinson has not established either of these prongs. As the PCRA court emphasized, this Court was already aware of the PCRA court's decision not to consider Robinson's Rule 907 Response when we reviewed the court's order on appeal in 2016. In that appeal, Robinson specifically argued "that the PCRA court erred by dismissing his Petition without considering his *pro se* Response to the court's Pa.R.Crim.P. 907 Notice of its intent to dismiss the Amended Petition." (*Robinson*, *supra* at *4). We **agreed** with Robinson that this was an error and reviewed his *pro se* response. However, after considering Robinson's response, we ultimately concluded that he was not entitled to relief on appeal. Although in the instant proceeding Robinson has reframed this same Rule 907 Response issue in terms of governmental interference, he fails to recognize that he has already previously challenged

the PCRA court's error in this regard. His claim to the contrary merits no relief.

In sum, because Robinson's PCRA petition is untimely and he has failed to establish an exception to the PCRA's timeliness requirements, we lack jurisdiction to consider the merits of his claims. Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2022